## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| KEISHA FOSTER, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 1:14-cv-4142 (PGG) |
| | ) | |
| v. | ) | |
| | ) | (JURY TRIAL DEMANDED) |
| CITY OF NEW YORK, NEW YORK | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>SECOND AMENDED COMPLAINT</u>

### INTRODUCTION

Plaintiffs, by and through their counsel, the law firms of Woodley & McGillivary LLP, and Spivak Lipton, LLP, for their complaint against the City of New York ("New York City"), state as follows:

### PARTIES

1.      Plaintiffs identified in the caption of the original Complaint gave their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b).  Such written consents were appended to that Complaint in Appendix A.[1]  These written consent forms set forth each plaintiff's name and address. In connection with this Second Amended Complaint, additional plaintiffs have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such written consents have been appended to this Second Amended Complaint in Appendix C. A list of all plaintiffs who have filed

---

[1] The consents in Appendix A and B are docketed as Docket Entry ("DE") 2-2 through 2-17 and will not be re-filed with this Amended Complaint.

consents in this case has been appended to this Second Amended Complaint in Appendix D.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

4.     Plaintiffs are, and at all times material herein have been, employed by defendant in the positions of Child Protection Specialists ("CPS") or Child Protection Specialist Supervisors ("CPSS").  Plaintiffs bring this action for a declaratory judgment, back pay and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the defendant's willful and unlawful violations of federal law complained of herein.

5.     Each of the plaintiffs in this action while employed by defendant has been an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1).

6.     At all times material herein, each plaintiff has worked for the City of New York as a CPS or CPSS.

7.     Plaintiffs have been employed either as CPS or CPSS.  For example, at all times material herein, plaintiff Pascual Gomez has worked as a CPSS at the Bronx ACS Field Office, located at 1200 Waters Place, Bronx, New York, 10461.  At all times material herein, plaintiff Chantel Carter has worked as a CPSS at the Bronx ACS Borough Office, located at 2501 Grand Concourse,

Bronx, New York, 10458.  At all times material herein, plaintiff Yendry Bonilla has worked as a CPS at the Bronx ACS Borough Office, located at 2501 Grand Concourse, Bronx, New York, 10458.  At all times material herein, plaintiff Evelyn Awuah has worked as a CPS at the Manhattan ACS Borough Office, located at 55 West 125th Street, New York, New York, 10027.  At all times material herein, plaintiff Keisha Foster has worked as a CPS at the Manhattan ACS Borough Office, located at 55 West 125th Street, New York, New York, 10027.  At all times material herein, plaintiff Jeremiah Massey has worked as a CPS at the Manhattan ACS Borough Office, located at 55 West 125th Street, New York, New York, 10027.  At all times material herein, plaintiff Marcia Johnson-Mcleod has worked as a CPS at the Manhattan ACS Borough Office, located at 55 West 125th Street, New York, New York, 10027.  These plaintiffs bring this action on behalf of themselves and the other CPS and CPSS plaintiffs who work or who have worked for defendant at all times material herein.

8.     Defendant New York City is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). New York City has a principal office and place of business located at Broadway and Park Row, New York, New York, 10007, and may be served with process by serving the Office of Corporation Counsel, 100 Church

*CPS Plaintiffs*

9.     Within the last three years and continuing to date, while working in the position of CPS on behalf of defendant, plaintiffs' job duties are to

investigate and take appropriate action in response to allegations of child neglect and/or abuse received by defendant, and to interact with families, law enforcement, hospital and school staff, as well as the Family Court to address allegations and instances of neglect and/or abuse of children in New York City.

10.     While working as CPS, plaintiffs routinely work more than 40 hours a week.  CPS plaintiffs are scheduled to work 40 hours a week, Monday through Friday, as their regular schedule, with one hour each day automatically deducted for meal periods. In addition, two to three times a week they work overtime of 2.5 hours or more on their scheduled work days.  Further, plaintiffs will work overtime shifts on Saturdays of 8 hours with one hour deducted for meal periods.  Plaintiffs CPS also are not compensated for time that they work at the end of their shifts.

11.     While working as CPS, the plaintiffs perform work before the official start time of their shifts preparing for their workday, reviewing files and discussing cases with their supervisors as well as other work-related activities, but the CPS are not compensated for this time.  This time is recorded on the CityTime payroll system as uncompensated time.  Plaintiffs perform this work during weeks in which their paid time, due to overtime, exceeds 40 hours in a workweek.

12.     While working as CPS, the plaintiffs perform work during their meal periods that is uncompensated.  This work time is reflected on their work computers maintained by the City.  Plaintiffs perform this work during weeks in which their paid time, due to overtime, exceeds 40 hours in a workweek.

13.     While working as CPS, the plaintiffs perform work after the official end time of their shifts for which they are not compensated.  This time will appear either on the CityTime payroll system as uncompensated time or in log books, work diaries, or black notebooks.  Defendant will not pay CPS for the actual time spent at the end of their shifts for time spent at field visits to clients' homes or work locations unless the time has been pre-approved by management. As a result, plaintiffs CPS spend time in the field performing home and office visits without being fully compensated for this time.

14.     Work time for CPS does not appear on CityTime if it is related to field visits outside the workplace other than the amount of time that has been pre-approved.

15.     Plaintiff Yendry Bonilla routinely works over 40 hours in a work week in her job as a CPS. When plaintiff Bonilla works over 40 hours, defendant fails to properly compensate her for work performed before the official start time of her shift, after her shift or during her meal periods.  For example, during the week of January 5-11, 2014, plaintiff Bonilla worked a total of 56 hours, but was not compensated for 5 hours of this time.  During the week of February 23, 2014 through March 1, 2014, plaintiff Bonilla worked a total of 63 hours and 30 minutes, but was not compensated for 5 hours of this time.

16.     Plaintiff Evelyn Awuah routinely works more than 40 hours in a work week in her job as a CPS.  When plaintiff Awuah works more than 40 hours, defendant fails to properly compensate her for work performed before the official start time of her shift, after her shift or during her meal periods.  An

example of one of the occasions on which this occurred is during the week of August 7-13, 2011, in which plaintiff Awuah worked a total of 43 hours, but was not compensated for 1 hour and 30 minutes of this time. Another example is during the week of March 4-10, 2012, in which plaintiff Awuah worked a total of 41 hours and 45 minutes, but was not compensated for 1 hour of this time. During these workweeks, plaintiff Awuah also worked during her meal periods for which she received no compensation

17.     Plaintiff Keisha Foster routinely works over 40 hours in a work week in her job as a CPS. When plaintiff Foster works over 40 hours, defendant fails to properly compensate her for work performed before the official start time of her shift, after her shift or during her meal periods. An example of one of the occasions on which this occurred is during the week of December 8-14, 2013, plaintiff Foster worked a total of 43 hours and 45 minutes, but was not compensated for 1 hour of this time. During the week of February 9-15, 2014, plaintiff Foster worked a total of 42 hours and 45 minutes, but was not compensated for 45 minutes of this time. During these workweeks, plaintiff Foster also worked during her meal periods for which she received no compensation

18.     Plaintiff Jeremiah Massey routinely works more than 40 hours in a workweek in his job as a CPS. When plaintiff Massey works more than 40 hours, defendant fails to properly compensate him for work performed before the official start time of his shift, after his shift or during his meal periods. An example of one of the occasions on which this occurred is during the week of

May 5-11, 2013, in which plaintiff Massey worked a total of 43 hours, but was not compensated for 2 hours of this time. During the week of July 14-20, 2013, plaintiff Massey worked a total of 45 hours and 45 minutes, but was not compensated for 2 hours of this time. During these workweeks, plaintiff Massey also worked during his meal periods for which he received no compensation.

19.     Plaintiff Marcia Johnson-Mcleod works more than 40 hours in a work week in her job as a CPS. When plaintiff Johnson-Mcleod works more than 40 hours, defendant fails to properly compensate her for work performed before the official start time of her shift, after her shift or during her meal periods. An example of one of the occasions on which this occurred is during the week of September 25, 2011 through October 1, 2011, in which plaintiff Johnson-Mcleod worked a total of 43 hours and 56 minutes, but was not compensated for 2 hours and 41 minutes of this time. During the week of February 5-11, 2012, plaintiff Johnson-Mcleod worked a total of 42 hours and 49 minutes, but was not compensated for 1 hour and 49 minutes of this time. During these workweeks, plaintiff Johnson-Mcleod also worked during her meal periods for which she received no compensation.

20.     The defendant's time records track the time worked by CPS plaintiffs including the time for which defendant fails to pay them. The defendant's CityTime pay system reflects time at the office. In addition, the plaintiff CPS are required to maintain a log book, work diary, also called a black notebook, of work in the field that reflects the amount of time in the field. With respect to meal periods, either plaintiffs' log books or the computers on which they work

will reflect their work time, which can be compared to the amounts of time for which they received payment under CityTime to reflect plaintiffs' damages.

21. Similar to the CPS plaintiffs identified above, the other CPS plaintiffs employed by defendant routinely work more than 40 hours in a work week and are denied compensation during those workweeks for their work time before and after their shifts, and during their meal periods, in violation of the FLSA. The precise amount of uncompensated work time can also be identified through CityTime and through defendant's computers on which plaintiffs work or through their work logs, work diaries or black notebooks.

### *CPSS Plaintiffs*

22. Within the last three years and continuing to date, while working in the position of CPSS on behalf of defendant, plaintiffs' job duties include assisting in the day-to-day work performed by CPS employees, monitoring and reviewing case files, as well as various other duties and activities related to the investigation and response to allegations and instances of neglect and/or abuse of children in the City of New York.

23. While working as CPSS, plaintiffs routinely work over 40 hours a week. CPSS plaintiffs are scheduled to work 40 hours a week, Monday through Friday, as their regular schedule, with one hour each day automatically deducted as an uncompensated meal period. In addition, two to three times a week they work overtime of 2.5 hours or more on their scheduled work days. Further, during these weeks, plaintiffs will work overtime shifts on Saturdays of

8 hours, which includes an unpaid meal period of one hour. Plaintiffs CPSS also are not compensated for time that they work at the end of their shifts.

24.     While working as CPSS, the plaintiffs perform work before the official start time of their shifts preparing for their workday, reviewing files and reviewing assignments as well as other work-related activities, but the CPSS are not compensated for this time. This time is recorded on the CityTime payroll system as uncompensated time. Plaintiffs perform this work during weeks in which their paid time, due to overtime, exceeds 40 hours in a workweek.

25.     While working as CPSS, the plaintiffs perform work during their meal periods that is uncompensated. This work time is reflected on their work computers maintained by the City. Plaintiffs perform this work during weeks in which their paid time, due to overtime, exceeds 40 hours in a workweek.

26.     While working as CPSS, the plaintiffs perform work after the official end time of their shifts for which they are not compensated. This time will appear either on CityTime as uncompensated time or in log books, work diaries, or black notebooks. Work time does not appear on CityTime if it is related to field visits outside the workplace and the time has not been pre-approved. Defendant will not pay CPSS for the actual time spent at the end of their shifts for time spent at field visits to clients' homes or work locations unless the time has been pre-approved by management. As a result, plaintiffs CPSS spend time in the field performing home and office visits without being fully compensated for this time.

9

27.    Plaintiff Pascual Gomez routinely works more than 40 hours in a work week in his job as a CPSS.  When Gomez works over 40 hours, defendant fails to properly compensate him for work performed before the official start time of his shift, after his shift or during his meal periods.  An example of one of the occasions on which this occurred is during the week of January 12-18, 2014, in which plaintiff Gomez worked a total of 45 hours and 13 minutes, but was not compensated for 3 hours and 43 minutes of this time. During the week of February 23, 2014 through March 1, 2014, plaintiff Gomez worked a total of 46 hours and 41 minutes, but was not compensated for 4 hours and 41 minutes of this time. During these workweeks, plaintiff Gomez also worked during his meal periods for which he received no compensation

28.    Plaintiff Chantel Carter routinely works more than 40 hours in a work week in her job as a CPSS.  When plaintiff Carter works more than 40 hours, defendant fails to properly compensate her for work performed before the official start time of her shift, after her shift or during her meal periods.  An example of one of the occasions on which this occurred is during the week of March 30, 2014 through April 5, 2014, in which plaintiff Carter worked a total of 43 hours and 58 minutes, but was not compensated for 1 hour and 13 minutes of this time. During the week of April 20-26, 2014, plaintiff Carter worked a total of 49 hours and 23 minutes, but was not compensated for 38 minutes of this time.  During these workweeks, plaintiff Carter also worked during her meal periods for which she received no compensation

10

29.     Similar to the CPSS plaintiffs identified above, the other CPSS plaintiffs employed by defendant routinely work more than 40 hours in a work week and are denied compensation during those workweeks for their work time performed before and after their shifts, and during their meal periods, in violation of the FLSA.

30.     The other CPSS plaintiffs employed by defendant routinely work more than 40 hours in a work week and are denied compensation for work performed before the official start time of their shifts, during their unpaid meal periods and after their shifts. The precise amount of uncompensated work time can also be identified through CityTime and through defendant's computers on which plaintiffs work or through the log books, work diaries and black notebooks that CPS and CPSS maintain.

### *Nightshift Differential Pay and the Rate At Which Overtime is Paid*

31.     When plaintiffs work in the evenings beyond their regular shift times, they are entitled to receive night shift differential pay of ten percent (10%) of their basic rate of pay.  In calculating cash overtime payments for plaintiffs, defendant fails to include night shift differential pay in the regular rate of pay at which overtime is paid to the plaintiffs.

### *Payment of Compensatory Time at the Rate of One Hour for One Hour of Overtime Worked*

32.     Plaintiffs who work over 40 hours a week who work what the defendant considers to be "approved overtime" that the defendant classifies to be "voluntary" are paid in compensatory time rather than cash.  When the plaintiffs are paid in compensatory time rather than cash for overtime work, they

11

are paid one hour of compensatory time for each hour of overtime that is worked, regardless of whether or not the overtime that has been worked is for work hours in excess of 40 hours a week.

### Late Payment of Overtime Worked

33.     When plaintiffs are paid for overtime compensation in cash, defendant delays the payment of overtime beyond the next pay period for which the plaintiffs are paid for their regular work hours and in compensatory time for their overtime hours.  The delay in payment is done either because the defendant's managerial staff has simply failed to transmit purportedly necessary information to payroll that defendant likes to have to pay overtime to plaintiffs, because defendant simply does not want to incur the cost for budgetary reasons in that particular financial quarter (e.g, when employees' pay exceeds a predetermined cap), or for other reasons that are unrelated to defendant's ability to determine the amount of overtime compensation that is owed to the plaintiffs.

## COUNT I

### FAILURE TO PAY OVERTIME FOR ALL HOURS PLAINTIFFS ARE SUFFERED OR PERMITTED TO WORK IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)

34.     Plaintiffs hereby incorporate by reference paragraphs 1 through 52 in their entirety and restate them herein.

35.     At all times material herein, during those work weeks in which the CPS and CPSS  plaintiffs have worked hours in excess of 40 hours a week,

they have performed work activities without compensation before the start of their shifts and after their shifts, all of which is recorded on defendant's time keeping system CityTime, and during their meal periods, which is recorded on their assigned computers and their work diaries, work logs and black notebooks, and they have also performed work activities during field visits for which they have not been paid due to defendant's policy of only paying for pre-approved overtime compensation. Accordingly, as a result of these pay practices, defendant has failed to provide plaintiffs with the rights and protections provided under section 7(a) of the FLSA, 29 U.S.C. § 207(a).

36.     Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein.  In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all hours employees are suffered or permitted to work in excess of forty hours per week.  Defendant has failed to comply with the overtime pay requirements of the FLSA in the manner outlined herein by failing to compensate plaintiffs for work that they have been suffered or permitted to work before the official start time of their shifts, during their uncompensated meal periods and after the official end time of their shifts.

37.     As a result of defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of the defendant

and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the plaintiffs from which the amount of defendant's liability can be ascertained.

38.  Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

39.  Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

## FAILURE TO PROPERLY CALCULATE THE REGULAR RATE OF PAY IN VIOLATION OF SECTION 7 OF THE FLSA

40.  Plaintiffs hereby incorporate by reference paragraphs 1 through 52 in their entirety and restate them herein.

41.  Section 207(a) of the FLSA, 29 U.S.C. § 207(a), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq.*, require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions. Defendant has failed to include certain premium payments such as night shift differential pay that are made in addition to employees' regular pay in the regular rates of pay at which overtime pay is calculated for the plaintiffs as required under the law.

42.    Defendant's failure to include night shift differential pay and other forms of additional compensation in plaintiffs' regular rates of pay violate section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.207(b).  The failure to include night shift differential pay in plaintiffs' regular rates means that when plaintiffs receive paid overtime for working over 40 hours a week, they are paid at a rate that is below the rate mandated by the FLSA.

43.    As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them.  Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

44.    Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

45.    Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT III

## FAILURE TO PAY FLSA OVERTIME IN A TIMELY MANNER BY PAYING FOR OVERTIME WEEKS OR EVEN MONTHS AFTER THE OVERTIME HAS BEEN WORKED

46.     Plaintiffs hereby incorporate by reference paragraphs 1 through 52 in their entirety and restate them herein.

47.     The FLSA mandates that overtime compensation be paid on the regular pay day for the period in which such workweek ends. Overtime payments under the Act may not be delayed except as reasonably necessary to compute the amount owned and in no event shall such payments be delayed beyond the next payday after such computation can be made. 29 C.F.R. § 778.106.  Defendant has violated these basic principles by delaying plaintiffs' overtime payments for working in excess of 40 hours a week by weeks and in some cases months, with such delay not being reasonably necessary to compute calculating plaintiffs' overtime pay, but rather because of a failure by management personnel to approve overtime payments or due to management withholding such payments until the next budgetary quarter.

48.     Defendant's failure to pay plaintiffs FLSA overtime pay in a timely manner and its withholding of such overtime payments violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.106.

49.     As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and

its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them, but from these payroll records, plaintiffs will be able to ascertain the precise extent of these violations of section 7(a) of the FLSA, 29 U.S.C. § 207(a). Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

50. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

51. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

**COUNT IV**

**FAILURE TO COMPLY WITH THE REQUIREMENT THAT FLSA OVERTIME BE PAID AT THE RATE OF ONE AND ONE-HALF TIMES THE PLAINTIFFS' REGULAR RATES OF PAY AND INSTEAD COMPENSATING PLAINTIFFS WITH STRAIGHT TIME, HOUR FOR HOUR COMPENSATORY TIME**

52. Plaintiffs hereby incorporate by reference paragraphs 1 through 52 in their entirety and restate them herein.

53. During the times that plaintiffs have worked in excess of 40 hours in a week, defendant has mandated that all "voluntary overtime" be compensated in compensatory time. Defendant has provided compensatory time at the rate of one hour of compensatory time for each hour of "voluntary overtime" worked,

and defendant has done so regardless of whether the overtime hours for which it was compensating the plaintiffs were for work in excess of 40 hours a week.

54.    Section 207(o) of the FLSA, 29 U.S.C. § 207(o), permits public agency employers such as defendant to provide compensatory time in lieu of cash overtime to their employees as payment for overtime hours worked, but only provided that certain conditions are met.  See 29 U.S.C. § 207(o); 29 C.F.R. §§ 553.20-28.  One of the basic requirements is that employees receive compensatory time at the rate of one and one-half hours of compensatory time for each hour of overtime worked.  29 U.S.C. § 207(o)(1).  Defendant has violated section 7(o) of the FLSA, 29 U.S.C. §§ 207(o) by failing and refusing to compensate plaintiffs for their overtime work at the rate of one and one-half hours of compensatory time for each overtime hour worked, and instead compensating them at the rate of one hour of compensatory time for each hour of overtime worked.

55.    As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them, but from these payroll records, plaintiffs will be able to ascertain the precise extent of these violations of section 7(a) of the FLSA, 29 U.S.C. § 207(a).  Defendant are under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to

maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

56.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

57.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray that this Court:

(a)  Enter judgment declaring that the defendant has willfully and wrongfully violated their statutory obligations, and deprived each of the plaintiffs of his and her rights;

(b)  Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c)  Award plaintiffs monetary liquidated damages equal to their unpaid compensation;

(d)  Award plaintiffs interest on their unpaid compensation;

(e)  Award plaintiffs their reasonable attorneys fees to be paid by the defendant, and the costs and disbursements of this action; and

(f)  Grant such other relief as may be just and proper.


Respectfully submitted,


_____/s/ Gregory K. McGillivary_____
Gregory K. McGillivary (SSN: 0280)
David Ricksecker (SSN: 8519)
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone:  (202) 833-8855


Hope Pordy (HP 6253)
SPIVAK LIPTON, LLP
1700 Broadway
Suite 2100
New York, N.Y  10019
Phone: (212) 765-2100

## CERTIFICATE OF SERVICE

This is to certify that one true and accurate copy of the foregoing complaint and all attachments hereto was served by ECF filing on the following counsel on this 14th day of November, 2014:

Andrea O'Connor
NYC Law Department, Office of the
Corporation Counsel (NYC)
100 Church Street
New York, NY 10007
(212)676-2750
Fax: (212)788-8877
aoconnor@law.nyc.gov

Adam Simeon Gross
Felice B. Ekelman
Steven Joshua Seidenfeld
Jackson Lewis P.C. (NY)
666 Third Avenue
29th Floor
New York, NY 10017
(212) 545-4000
Fax: (212) 972-3212
adam.gross@jacksonlewis.com
ekelmanf@jacksonlewis.com
steven.seidenfeld@jacksonlewis.com

Jeffrey W. Brecher
Jackson Lewis P.C. (Melville N.Y.)
58 South Service Road, Suite 250
Melville, NY 11747
631-247-0404
Fax: 631-247-0417
brecherj@jacksonlewis.com

_____ /s/ Gregory K. McGillivary _____
Gregory K. McGillivary (SSN: 0280)
David Ricksecker (SSN: 8519)
WOODLEY & McGILLIVARY
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone:  (202) 833-8855