# jackson | lewis
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | STAMFORD, CT |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | TAMPA, FL |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WASHINGTON, DC REGION |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | WHITE PLAINS, NY |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

Direct Dial: (212) 545-4005
Email Address: EKELMANF@JACKSONLEWIS.COM

November 18, 2016

**VIA ECF**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2204
New York, New York 10007

        Re: **De La Cruz, et. al. v. City of New York**
           **14-cv-9220 (PGG)**

Dear Judge Gardephe:

  We are counsel for Defendant the City of New York ("Defendant") in the above-referenced matter. Pursuant to Your Honor's Order dated August 19, 2016 (*DKT 110*) and Individual Rules, Defendant submits this pre-motion letter requesting permission to file a motion for summary judgment seeking the dismissal of Count I and Count II of Plaintiffs' Complaint ("Compl."). In the alternative, Defendants seek an order finding that any alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") were not willful and that Defendant engaged in good faith efforts to comply with the FLSA.

  Defendant also seeks dismissal of all claims by Associate Job Opportunity Specialists I ("AJOS I Plaintiffs") as these Plaintiffs are exempt under the executive exemption of the FLSA, as well as the dismissal of certain Plaintiffs' claims because they failed to disclose the lawsuit in their bankruptcy proceedings. The Parties currently have a conference with Your Honor on December 1, 2016 at 4:00pm.

## I. Factual Background

  Plaintiffs are Job Opportunity Specialists ("JOS") and Associate Job Opportunity Specialists[1] ("AJOS" or "Supervisors") at the Human Resources Administration ("HRA"). Plaintiffs allege they were denied overtime compensation under the FLSA because they allegedly were not compensated for time worked before and after their scheduled shifts and during meal periods. (Compl. ¶¶ 30–35,

---

[1] Plaintiffs' voluntary dismissed all plaintiffs employed as either AJOS II (level two) or AJOS III (level three) during the relevant time period. *See* DKT 119. The only remaining claims are for individuals employed either as a JOS or AJOS I (level one) during the relevant time period.



Count I). Plaintiffs further allege that Defendant failed to properly calculate the regular rate of pay by not properly including certain premium pay. (Compl. ¶¶ 36–41. Count II). Finally, the operative Complaint also seeks liquidated damages in an amount equal to the unpaid overtime wages pursuant to 29 U.S.C. § 260.

Defendant's policies and procedures require employees to be paid for all hours worked. Defendant requires employees to accurately record all hours worked, including during meal periods. Pursuant to the Collective Bargaining Agreement ("CBA") Defendant automatically deducts a one (1) hour meal period each day. While Plaintiffs are required to take a one (1) hour duty free meal period each day, if they are unable Plaintiffs are instructed to request compensation for any work performed during their meal period. Employees are required to certify every week in "CityTime," the time-recording system used by Plaintiffs that tracks when Plaintiffs are working, that (1) the hours they recorded were accurate; (2) they requested compensation for any work hours in excess of their scheduled shift (including meal periods); and (3) any other recorded time was not work hours. The AJOS I approved timesheets and overtime requests entered in CityTime. These policies and procedures were implemented after consultation with counsel for the City of New York.

Defendant deposed thirty-two (32) Plaintiffs during Phase I discovery. Plaintiffs testified they all understood that it was required that the time they entered in CityTime was accurate. Plaintiffs also understood that they were required to request overtime through CityTime to be paid for any hours worked outside of their regularly scheduled shift, whether the work was performed before or after the scheduled shift or during meal periods. Defendant has paid thousands of hours in overtime compensation to Plaintiffs during the relevant time period. Plaintiffs now seek overtime compensation for minutes worked either prior to their scheduled shift, after their scheduled shift and/or during meal periods for which they did not request overtime compensation.

Finally, the AJOS I Plaintiffs were all properly classified and treated as exempt employees pursuant to the executive exemption of the FLSA. AJOS I Plaintiffs are all compensated on a salary basis. The vast majority of AJOS I positions supervise a team of JOS employees.[2] AJOS I Plaintiffs are responsible for enforcing Defendant's policies and procedures, including time and leave procedures, assign and direct JOS employees, have operational control over JOS' hours (including meal breaks and overtime hours), as well as approval of timesheets and overtime compensation in CityTime. Finally, AJOS I Plaintiffs draft JOS' performance evaluations, issue verbal and written discipline to JOS employees, and can recommend a JOS employee not be retained for employment.

II.   **Plaintiffs Are Not Entitled To Overtime Compensation For Time Allegedly Worked In Excess Of Their Scheduled Shift Or During Their Meal Break That Plaintiffs Chose To Not Record In CityTime Without Defendant's Knowledge**

"To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer

---

[2] Defendants do not intend to seek dismissal of the limited AJOS I positions that do not routinely supervise JOS employees.



had actual or constructive knowledge of that work." Kuebel v. Black & Decker Inc., 643 F.3d 352, 361 (2d Cir. 2011). The FLSA standard for constructive knowledge in the context of overtime is whether a defendant "should have known," not whether it could have known. Hertz v. Woodbury County, 566 F.3d 775, 781 (8th Cir. 2009). "Although the FLSA obligates employers to maintain appropriate overtime records, it is well-established that employers may require employees to follow and adhere to reasonable procedures for reporting overtime worked, and may rely upon what employees report, and do not report." Joza v. WW JFK LLC, 2010 U.S. Dist. LEXIS 94419, at *31 n.8 (E.D.N.Y. Sept. 9, 2010).

In addition, an employee cannot undermine his employer's efforts to comply with the FLSA by consciously omitting overtime hours for which he knew he could be paid. Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir. 1981) (affirming summary judgment in favor of employer where the plaintiff prevented the employer from complying with the FLSA by failing to record overtime hours on his time sheet as required by employer). "[W]here the acts of an employee prevent an employer from acquiring knowledge . . . of alleged uncompensated overtime hours, the employer cannot be said to have suffered or permitted the employee to work in violation of the FLSA's overtime requirements." Joza, 2010 U.S. Dist. LEXIS 94419, at *32 (citing Forrester, 646 F.2d at 414–15).

Plaintiffs' allegations that they were not paid for time worked outside their regularly scheduled shift or during their meal period should be denied. It is undisputed that Plaintiffs utilized Defendant's procedure to receive overtime compensation for any hours worked beyond their scheduled shift and meal breaks. Plaintiffs did not request overtime compensation for this alleged time pursuant to Defendant's policies. Plaintiffs' decision not to request overtime for this time is fatal to their claim. Accordingly, Plaintiffs' claims for uncompensated overtime, Count I, should be dismissed.

### III.   Defendant Correctly Calculated Plaintiffs' Regular Rate Of Pay In Compliance With The FLSA

Plaintiffs allege that Defendant incorrectly calculated Plaintiffs' regular rate of pay for purposes of overtime compensation because meal money provided to Plaintiffs was excluded from their regular rate of pay. Pursuant to their collective bargaining agreement, Defendant provided Plaintiffs with a meal allowance to cover the expense of buying a meal when Plaintiffs do not have time for a duty-free meal period during their shift. The meal allowance is a benefit and not associated with hours worked, and is provided when Plaintiffs receive compensatory time in lieu of cash overtime. Defendant's practice of not including the meal allowance in the calculation of the regular rate of pay is proper. Accordingly, Count II of the operative Complaint should be denied.



Honorable Paul G. Gardephe
United States District Court, SDNY
Page 4

IV.    **<u>Any Alleged Violation Of The FLSA Was Not Willful And Defendant Acted In Good Faith In Complying With The FLSA</u>**

A willful violation of the FLSA occurs only when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." <u>McLaughlin v. Richland Shoe Co.</u>, 486 U.S. 128, 133 (1988). In addition, under Section 260 of the FLSA, courts have discretion to deny liquidated damages where the employer shows that despite its failure to pay appropriate wages, it acted in subjective good faith with objectively reasonable grounds for believing that its acts or omissions did not violate the FLSA. 29 U.S.C § 260; <u>Barfield v. New York City Heath & Hospitals Corp.</u>, 537 F.3d 132 (2d Cir. 2008).

During discovery, Defendant's Corporation Counsel 30(b)(6) witness and Defendant's 30(b)(6) witness from the Department of Citywide Administrative Services, provided detailed testimony about Defendant's extensive efforts to comply with the FLSA, including the steps taken by Defendant to make sure the CityTime time recording system was wholly compliant with the law.

As set forth above, Defendant has at all times acted in good faith and relied on the advice of counsel with respect to the payment of overtime compensation and the implementation of their CityTime time recording system. In addition to negating any claim for liquidated damages, this conduct rebuts any allegation of a willful violation of the FLSA, and thus the statute of limitations for any FLSA violation must be measured at two years from the date the cause of action accrued. 29 U.S.C. § 255(a).

V.    **<u>Child Protection Specialist Supervisors II are Exempt Employees Under the Executive Exemption of the FLSA and Not Entitled to Overtime Compensation</u>**

While, the FLSA generally requires that employers pay covered employees minimum wage and overtime for hours worked over forty hours in a workweek, the FLSA contains a number of exemptions from those requirements, including the executive exemption, applicable herein. See 29 U.S.C. §§ 206–207; 29 U.S.C. § 213(a)(1) (The FLSA provides that the minimum wage and overtime requirement "shall not apply with respect to any employee employed in a bona fide executive, administrative, or professional capacity"). AJOS I Plaintiffs are exempt under the FLSA's executive exemption and all claims for overtime compensation should be denied. See 29 C.F.R. § 541.100–106 [definition of executive exemption]; 541.600–606 [salary requirement]; and 541.700 [primary duty].

Defendant's payroll data confirms that AJOS I Plaintiffs were paid at least $455.00 per week on a salary basis satisfying both the salary basis and salary level requirement of the exemption. See 29 CFR § 541.602. Moreover, as set forth above, it is undisputed that Defendant's policies and procedures, as well as Plaintiffs' deposition testimony demonstrate that they satisfy the primary duties requirement of the exemption. See 29 CFR § 541.700.



Accordingly, AJOS I Plaintiffs are exempt under the FLSA and their claims should be dismissed.

### VI. Certain Plaintiffs Lack Standing and/or Are Judicially Estopped From Pursuing Their Claims Because They Failed to Disclose This Matter on Bankruptcy Petition

Defendant will also seek to dismiss the claims of all Plaintiffs who filed for bankruptcy and did not list this federal court action on their bankruptcy petition because these Plaintiffs lack standing and/or are judicially estopped from pursuing their FLSA claims. See Ibok v. SIAC-Sector Inc., 2011 U.S. Dist. LEXIS 7312, at *17 (S.D.N.Y. Jan. 27, 2011) ("many courts in this circuit have applied judicial estoppel in the bankruptcy context to dismiss undisclosed claims") adopted by, 2011 U.S. Dist. LEXIS 27301 (S.D.N.Y. Mar. 14, 2011), aff'd, 470 Fed. Appx. 27 (2d. Cir. May 16, 2012).

\*   \*   \*   \*   \*

For the foregoing reasons, Defendant respectfully requests that the Court grant their request to file a Motion for Summary Judgment. Due to the number of Plaintiffs and corresponding factual information and documents exchanged during Phase I discovery, Defendant also requests permission for an enlargement of the page limit for their memorandum of law from 25 pages to 50 pages.

Respectfully Submitted,

JACKSON LEWIS P.C.

*Felice Ekelman*

Felice B. Ekelman

cc:   All counsel (via ECF)

4814-1205-0748, v. 1