**jackson|lewis**

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GRAND RAPIDS, MI | MINNEAPOLIS, MN | RALEIGH, NC |
| ALBUQUERQUE, NM | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RAPID CITY, SD |
| ATLANTA, GA | HARTFORD, CT | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HONOLULU, HI* | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | HOUSTON, TX | NORFOLK, VA | SALT LAKE CITY, UT |
| BERKELEY HEIGHTS, NJ | INDIANAPOLIS, IN | OMAHA, NE | SAN DIEGO, CA |
| BIRMINGHAM, AL | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORLANDO, FL | SAN JUAN, PR |
| CHICAGO, IL | LAS VEGAS, NV | PHILADELPHIA, PA | SEATTLE, WA |
| CINCINNATI, OH | LONG ISLAND, NY | PHOENIX, AZ | ST. LOUIS, MO |
| CLEVELAND, OH | LOS ANGELES, CA | PITTSBURGH, PA | TAMPA, FL |
| DALLAS, TX | MADISON, WI | PORTLAND, OR | WASHINGTON, DC REGION |
| DAYTON, OH | MEMPHIS, TN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DENVER, CO | MIAMI, FL | PROVIDENCE, RI | |
| DETROIT, MI | MILWAUKEE, WI | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

DIRECT DIAL: (212) 545-4005
EMAIL ADDRESS: EkelmanF@jacksonlewis.com

March 4, 2020

**VIA ECF**

Hon. Paul G. Gardephe
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

           Re:  *De La Cruz v. City of New York*
               **Case No.: 14-cv-9220**

Dear Judge Gardephe:

  We represent the City of New York ("Defendant" or the "City") in the above-referenced matter and write in response to Plaintiffs' letter, providing notice of supplemental authority purportedly in support of Plaintiffs' motion for a finding that they are similarly situated ("Plaintiffs' Motion"). In their letter, Plaintiffs attach the recent decision of Judge Schofield in the matter of Worley, et al. v. City of New York, et al., Case No. 17-cv-4337, mistakenly claiming that the Worley decision is instructive to the determination of Plaintiffs' Motion here.[1] Despite the presence of the same counsel, the same Defendant (the City of New York) and the same legal principles at issue, which perhaps make the cases appear more similar than they are, the significant factual differences between the cases render the Worley decision inapposite.

  First, distinct from the case at bar, the Worley plaintiffs implicitly conceded that certification of a single collective, without subgroups, would be improper. In their moving brief, the Worley plaintiffs sought certification of three separate subgroups, which mitigated the differences between the factual and employment settings of the plaintiffs. Notably, there are no subgroups proposed by Plaintiffs here. Rather, Plaintiffs seek a finding that all Plaintiffs—regardless of their title, work location, supervisors, assigned schedule and job responsibilities—are similarly situated.

  Further, and more importantly, the conclusions of Judge Schofield based on the factual record in Worley are not supported by the factual record here. As set forth in detail in Defendant's opposition to Plaintiffs' Motion (see dkt. # 180 at p. 12-15), the overwhelming evidence demonstrates that Plaintiffs' particular claims in the case at bar are based on their

---

[1] The Worley decision is annexed to Plaintiffs' February 28, 2020 correspondence as Exhibit A.

Case 1:14-cv-09220-PGG-RWL   Document 196   Filed 03/04/20   Page 2 of 2

**jackson|lewis.**

Hon. Paul G. Gardephe
United States District Judge
March 4, 2020
Page 2

individual work circumstances, their own actions and the actions of their particular supervisors. Indeed, Defendants' opposition to Plaintiffs' Motion contains substantial—although far from exhaustive—references to Plaintiffs' own testimony, where they bluntly admitted that these factors dictated whether they had a claim for alleged unpaid time. See id. Crucially, these factual differences do not just reflect the value of any alleged off-the-clock work (as was Judge Schofield's finding in Worley), but rather, whether off-the-clock work was performed *at all*.

In contrast to Worley, because Plaintiffs' individualized factual circumstances dictate whether they claim to have performed *any* work without pay, the factual record does not support a finding of a unifying policy, requiring off-the-clock work. The lack of a common policy limits the relevance of the Worley decision here, except to highlight that the absence of a common unlawful policy necessitates the denial of Plaintiffs' Motion.

We thank the Court for its consideration of this matter.

Respectfully Submitted,

JACKSON LEWIS P.C.

/s/ Felice B. Ekelman

Felice B. Ekelman

cc:   All Counsel of Record (via ECF)

4817-0320-4790, v. 1